AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
## Instructions

1. **Who Should Use This Form**.  You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out *(for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits)*;
   - you are in federal or state custody because of something other than a judgment of conviction *(for example, you are in pretrial detention or are awaiting extradition)*; or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**.  You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence *(these challenges are generally raised in a motion under 28 U.S.C. § 2255)*;
   - you are challenging the validity of a state judgment of conviction and sentence *(these challenges are generally raised in a petition under 28 U.S.C. § 2254)*; or
   - you are challenging a final order of removal in an immigration case *(these challenges are generally raised in a petition for review directly with a United States Court of Appeals)*.

3. **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4. **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5. **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6. **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7. **Submitting Documents to the Court**.  Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8. **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| JOHN KEVIN WOODWARD <br> *Petitioner* <br> v. <br> Superior Court of California, County of Santa Clara <br> *Respondent* <br> *(name of warden or authorized person having custody of petitioner)* | Case No. 5:25-cv-03045 <br> *(Supplied by Clerk of Court)* |

**PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**Personal Information**

1. (a) Your full name: John Kevin Woodward
   (b) Other names you have used: N/A
2. Place of confinement:
   (a) Name of institution: N/A
   (b) Address: N/A
   N/A
   (c) Your identification number:
3. Are you currently being held on orders by:
   ☐ Federal authorities     ☑ State authorities     ☐ Other - explain:

4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
      If you are currently serving a sentence, provide:
      (a) Name and location of court that sentenced you:
      (b) Docket number of criminal case:
      (c) Date of sentencing:
   ☐ Being held on an immigration charge
   ☑ Other *(explain)*: Released on bail and house arrest pending trial in a criminal case.

**Decision or Action You Are Challenging**

5. What are you challenging in this petition:
   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

☐ Pretrial detention
☐ Immigration detention
☐ Detainer
☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)
☐ Disciplinary proceedings
☑ Other *(explain)*: The ongoing prosecution in California state court, and any forthcoming trial in that
   prosecution, violates my federal constitutional right against being twice placed in jeopardy, protected
   by the Fifth and Fourteenth Amendments to the U.S. Constitution.

6. Provide more information about the decision or action you are challenging:
   (a) Name and location of the agency or court: Superior Court of the State of California, County of Santa Clara
   190 West Hedding, San Jose, CA 95110
   (b) Docket number, case number, or opinion number: C2200594
   (c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:
   Order denying motion to dismiss (as noted below, the California trial court at first granted the motion to dismiss
   on double jeopardy grounds, but the State successfully sought review and the California Court of Appeal granted
   a writ ordering the trial court to vacate its earlier order granting the motion and enter a new order denying it).
   (d) Date of the decision or action: 05/30/2024

### Your Earlier Challenges of the Decision or Action

7. **First appeal**
   Did you appeal the decision, file a grievance, or seek an administrative remedy?
   ☑ Yes          ☐ No
   (a) If "Yes," provide:
       (1) Name of the authority, agency, or court: Supreme Court of California

       (2) Date of filing: 04/23/2024
       (3) Docket number, case number, or opinion number: S284711
       (4) Result: Petition for review denied, with Justice Evans voting to grant the petition.
       (5) Date of result: 05/29/2024
       (6) Issues raised: (1) Does California's decision in People v. Hatch, 22 Cal.4th 260 (2000) conflict with
       federal double jeopardy decisions of the U.S. Supreme Court, and the application of Hatch to this case
       results in a violation of his federal constitutional right against double jeopardy (2) does Hatch conflict with
       U.S. Supreme Court law by creating a presumption against applying double-jeopardy protections; and
       (3) even under California's Hatch rule, review is necessary because the Court of Appeal misapplied
       Hatch.

   (b) If you answered "No," explain why you did not appeal: N/A

8. **Second appeal**
   After the first appeal, did you file a second appeal to a higher authority, agency, or court?
   ☑ Yes          ☐ No

(a) If "Yes," provide:
  (1) Name of the authority, agency, or court:  United States Supreme Court

  (2) Date of filing:  08/27/2024
  (3) Docket number, case number, or opinion number:  24-227
  (4) Result:  Denied petition for certiorari, with separate opinion by Justice Sonia Sotomayor.
  (5) Date of result:  02/24/2025
  (6) Issues raised:  Whether applying the California Supreme Court decision in People v Hatch conflicts with federal law for what constitutes an acquittal for double jeopardy purposes under the Fifth Amendment.  Also raised issue that the decision below, which rested on People v Hatch, was wrong and resulted in violation of petitioner's federal constitutional rights against double jeopardy.

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**
After the second appeal, did you file a third appeal to a higher authority, agency, or court?
❏ Yes          ☑ No
(a) If "Yes," provide:
  (1) Name of the authority, agency, or court:

  (2) Date of filing:
  (3) Docket number, case number, or opinion number:
  (4) Result:
  (5) Date of result:
  (6) Issues raised:

(b) If you answered "No," explain why you did not file a third appeal:  There was no higher authority, agency, or court to proceed with another appeal.

10. **Motion under 28 U.S.C. § 2255**
In this petition, are you challenging the validity of your conviction or sentence as imposed?
❏ Yes          ☑ No
If "Yes," answer the following:
(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?
    ❏ Yes          ❏ No

If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing:
(4) Result: N/A
(5) Date of result:
(6) Issues raised: N/A

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?
☐ Yes    ☑ No

If "Yes," provide:
(1) Name of court: N/A
(2) Case number: N/A
(3) Date of filing:
(4) Result: N/A
(5) Date of result:
(6) Issues raised: N/A

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: N/A

11. **Appeals of immigration proceedings**
Does this case concern immigration proceedings?
☐ Yes    ☑ No

If "Yes," provide:
(a) Date you were taken into immigration custody:
(b) Date of the removal or reinstatement order:
(c) Did you file an appeal with the Board of Immigration Appeals?
☐ Yes    ☐ No

If "Yes," provide:
(1) Date of filing:
(2) Case number:   N/A
(3) Result:   N/A
(4) Date of result:
(5) Issues raised:   N/A

(d) Did you appeal the decision to the United States Court of Appeals?
❐ Yes   ❐ No
If "Yes," provide:
(1) Name of court:
(2) Date of filing:
(3) Case number:
(4) Result:
(5) Date of result:
(6) Issues raised:

12. **Other appeals**
Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?
❐ Yes   ☑ No
If "Yes," provide:
(a) Kind of petition, motion, or application:
(b) Name of the authority, agency, or court:
(c) Date of filing:
(d) Docket number, case number, or opinion number:
(e) Result:
(f) Date of result:
(g) Issues raised:

## Grounds for Your Challenge in This Petition

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**:  Under the federal constitutional right against double jeopardy, US Const. Amends. V, XIV, re-prosecution is barred because petitioner was already tried twice, with both juries hanging in favor of acquittal, after which the trial court entered a dismissal on the stated grounds of insufficiency of the evidence; this dismissal operates as an acquittal and bars retrial under federal law.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:
See Memorandum in Support of Petition.  In brief, after two jury trials resulted in hung juries favoring acquittal, the trial judge in 1996 dismissed the case for insufficient evidence. About 25 years later, the State re-filed the same charge that was dismissed in 1996.  Under U.S. Supreme Court precedent, the 1996 dismissal operates as an acquittal that bars retrial on double jeopardy grounds.

(b) Did you present Ground One in all appeals that were available to you?
☑ Yes            ☐ No

**GROUND TWO**: 

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?
☐ Yes            ☐ No

**GROUND THREE**: 

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?
☐ Yes            ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**:

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
❒ Yes          ❒ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:

## Request for Relief

15. State exactly what you want the court to do: Issue a writ of habeas corpus and rule that petitioner's re-prosecution would violate his federal constitutional right against double jeopardy. Petitioner also requests that the Court stay the ongoing state proceeding under 28 USC § 2251, as requested in a contemporaneously filed motion.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**Declaration Under Penalty Of Perjury**

If you are incarcerated, on what date did you place this petition in the prison mail system: _____

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: April 3, 2025

*John K Woodward*
*Signature of Petitioner*

*[signature]*
*Signature of Attorney or other authorized person, if any*